UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maurice Rogers,
    Petitioner

vs                                        Case No. 1:02cv79
                                               (Dlott, J.; Perelman, M.J.)

Deb Timmerman-Cooper,[1]
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, a prisoner in state custody at the London Correctional Institution in London, Ohio, has filed this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Ground Four of the petition (Doc. 1, p. 6), which is the only claim that remains to be adjudicated after the dismissal of Grounds One through Three with prejudice on statute of limitations grounds (*see* Docs. 6, 11); respondent's "Supplemental Answer/Return Of Writ" (Doc. 9); and petitioner's "traverse" in reply to the return of writ (Doc. 8).

### Factual And Procedural Background

The procedural history of this case in the state courts has been exhaustively discussed in this Court's Report and Recommendation and Order issued March 6, 2003, which is incorporated by reference herein. (*See* Doc. 6, pp. 2-4). In the March 6, 2003 Report and Recommendation and Order, the Court recommended that three

---

[1] In the Report and Recommendation and Order issued March 6, 2003, the caption of this case was changed to reflect that the proper party respondent was Marc Houk, who was then Warden of London Correctional Institution (LCI) where petitioner is incarcerated. (*See* Doc. 6, p. 1 n.1). Since that time, Deb Timmerman-Cooper replaced Houk as LCI's Warden. Because Timmerman-Cooper is the individual who now has custody of petitioner, the caption of the case is hereby changed once again to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

of petitioner's four grounds for relief be dismissed with prejudice because they are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See id.,* pp. 5-9). This recommendation was adopted by the district judge by Order filed September 16, 2003. (Doc. 11). Although the Sixth Circuit recently has issued decisions casting doubt on, if not outright overruling, prior panel decisions addressing § 2244(d) statute of limitations issues, none of these later cases affect the Court's disposition of the statute of limitations matter in this case.[2]

Therefore, the only ground for relief remaining for adjudication is petitioner's

---

[2] In one such recent case, the Sixth Circuit held in an en banc decision that for purposes of the tolling provision set forth in 28 U.S.C. § 2244(d)(2), "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of time for seeking [United States] Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *petition for cert. filed,* 72 U.S.L.W. 3506 (U.S. Jan. 20, 2004); *see also Granger v. Hurt,* No. 02-3088, 2004 WL 162549, at *3 (6th Cir. Jan. 23, 2004) (unpublished) (involving tolling of statute of limitations during Ohio delayed appeal proceedings). In so holding, the court overruled a prior published panel decision reaching the opposite conclusion, *see Isham v. Randle,* 226 F.3d 691, 695 (6th Cir. 2000), *cert. denied,* 531 U.S. 1201 (2001). *Abela*, however, is not applicable to this case, which does not involve or otherwise turn on any "tolling" calculations under § 2244(d)(2), because the statute of limitations expired over a year and one-half before petitioner took any action to challenge his conviction after the conclusion of state direct review proceedings. (*See* Doc. 6, pp. 2-3, 5-7).

In another unpublished case, a Sixth Circuit panel refused to follow an on-point published decision–*Bronaugh v. Ohio*, 235 F.3d 280, 285-86 (6th Cir. 2000), holding in direct contrast to that case that under an erroneous, but binding, prior Sixth Circuit decision addressing the issue of "waiver" based on petitioner's procedural default in the state courts, *White v. Schotten,* 201 F.3d 743, 752-53 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), the statute of limitations is not "tolled" but "begins to run anew at the conclusion of the 26(B) process." *Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 8-10 (6th Cir. Sept. 2, 2003) (not reported in Federal Reporter). Apparently, a petition for rehearing en banc has been filed in *Lambert*. *See Eads v. Morgan,* 298 F.Supp.2d 698, 706 (N.D. Ohio 2003). If this Court were to adopt the position taken by the panel majority in *Lambert*, the statute of limitations question previously resolved against petitioner with respect to Grounds One through Three would have to be revisited given that petitioner filed an application for reopening pursuant to Ohio R. App. P. 26(B) in the Ohio courts after the statute of limitations was found to have expired. (*See* Doc. 6, pp. 6-7). However, the Court chooses to continue to follow the published *Bronaugh* decision, which unlike *White* directly governs the resolution of the statute of limitations issue faced here and carries more weight as binding authority than the unpublished *Lambert* decision.

claim alleged in Ground Four that the Ohio Court of Appeals violated petitioner's "absolute right to procedural due process of law" when it overruled his motion for delayed reopening of his direct appeal under Ohio R. App. P. 26(B) despite his showing of "cause" for his procedural default in failing to file the reopening application in a timely manner. (*See* Doc 1, p. 6 & attached Memorandum, pp. 2-7).

In his motion for delayed reopening filed with the Ohio Court of Appeals on August 31, 2001, over three years after the trial court's judgment was affirmed on direct appeal, petitioner claimed for the first time that his appellate counsel provided ineffective assistance by failing to allege as assignments of error that (1) petitioner was entitled to lesser-included offense jury instructions, and (2) petitioner's "conviction was obtained in violation of the rule against double inferences." (Doc. 4, Ex. 13, Memorandum, pp. 2, 4). Petitioner argued as "cause" for his delay in filing that he "was without the assistance of counsel during the running of the ninety (90) day time period from [the Court of Appeals'] final judgment" and that his appellate counsel was ineffective in failing to advise him during that 90-day period of his right to "petition the Court of Appeals for reopening of his appeal as of right based upon a possible claim of ineffective assistance of appellate counsel." (*Id.,* Motion & Memorandum, p. 1). In so arguing, petitioner relied on the Sixth Circuit's decision in *White v. Schotten,* 201 F.3d 743 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), as demonstrating that he had a constitutional right to effective assistance of counsel in filing an application to reopen his appeal. (*Id.,* Memorandum, pp. 1-2).

On October 12, 2001, the Court of Appeals denied petitioner's application, reasoning in relevant part as follows:

> App.R. 26(B) requires an application to reopen an appeal to be filed with the court of appeals within ninety days from the date on which the appellate judgment was journalized, unless the applicant can show good cause for filing at a later time. This court's judgment was journalized on July 19, 1998, and the appellant filed his application to reopen his appeal on August 31, 2001; therefore, the appellant filed his application almost three years after the ninety-day period had expired.
>
> The appellant asserts that the filing delay was justified, because he was without legal representation during the ninety-day filing period. This argument fails. The appellant had no right to counsel to assist him in filing his application, see *State v. Dennis* (1999), 86 Ohio St.3d 201, 713

3

>N.E.2d 426, and ignorance of the law, to the extent that it is alleged here to be a consequence of the lack of counsel, does not constitute good cause for a filing delay. . . .

(*Id.*, Ex. 15) (citations to state cases omitted).

Petitioner sought leave to appeal this decision to the Ohio Supreme Court, essentially claiming in his memorandum in support of jurisdiction, as he does here, that he was denied procedural due process by the Court of Appeals' refusal to consider the merits of his ineffective assistance of appellate counsel claims despite his showing of "cause" for his delay in filing the reopening application. (*Id.,* Ex. 16). On January 16, 2002, the Ohio Supreme Court summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 18).

In the "Supplemental Answer/Return of Writ," respondent contends that the Ohio Court of Appeals' alleged error in ruling on petitioner's untimely application for reopening presents an issue of state law only, which is not cognizable in this federal habeas proceeding. (*See* Doc. 9). In his "traverse," petitioner responds to this argument by contending, in reliance on the Sixth Circuit's decision in *White,* that his claim is of constitutional dimension because proceedings on applications for reopening are considered part of the direct appeal as of right in Ohio to which the Fourteenth Amendment's due process and equal protection guarantees, including the right to effective assistance of counsel, attach. (*See* Doc. 8).

## OPINION

### A.  Petitioner Is Not Entitled To Relief Based On His Claim Alleged In Ground Four That He Was Denied Due Process When The Ohio Court Of Appeals Denied His Delayed Application For Reopening As Untimely Filed

This case is governed by the standard of review set forth in 28 U.S.C. § 2254(d), as amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA), which provides that a federal habeas petitioner is not entitled to relief unless the state courts' adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court

4

proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).  A state court's legal decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  *Williams,* 529 U.S. at 407-08 (O'Connor, J.).  Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942.  The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable.  *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43.  Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision."  *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412); *see also Lopez v. Wilson,* 355 F.3d 931, 937 (6th Cir. 2004).

In determining under this AEDPA standard whether or not petitioner is entitled to habeas relief based on his claim of constitutional error during the state proceedings on his delayed application for reopening, the Court must first consider what weight, if any, must be accorded the Sixth Circuit's *White* decision relied on by petitioner, which was decided *before* the AEDPA's enactment.  The Sixth Circuit recently addressed this very issue in an analogous case, where the habeas petitioner alleged as a ground for relief that he was denied his constitutional right recognized in *White* to the effective assistance of appellate counsel during reopening proceedings brought under Ohio R.

App. P. 26(B) when the Ohio Court of Appeals summarily denied his motion for appointment of counsel in that matter. *Lopez,* 355 F.3d at 936. As the Sixth Circuit explained in the introduction:

> In *White*[, 201 F.3d at 752-53,] this Court held that an application to reopen appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure is part of a criminal defendant's direct appeal, rather than part of the state's post-conviction process. The difference matters because a defendant is constitutionally entitled to counsel only during the direct appeal process. *Compare Evitts v. Lucey,* 469 U.S. 387, 396 . . . (1985) (holding that a defendant is entitled to effective assistance of counsel on direct appeal), *with Pennsylvania v. Finley,* 481 U.S. 551, 555 . . . (1987) (holding that a defendant is not constitutionally entitled to counsel at any stage of criminal proceedings beyond a direct appeal as of right).

*Id.* at 933.

Although conceding that the petitioner "would easily prevail" on his claim under *White*, the court concluded that "because the standard of review is much more deferential under the AEDPA, *White* is not controlling." *Id.* at 938. In so holding, the court reasoned:

> The *White* decision involved the application of *Evitts* to "a unique aspect of Ohio law," Rule 26(B). . . . Prior to determining the federal constitutional question of whether the petitioner was entitled to counsel in filing his application to reopen direct appeal, the *White* court determined whether a state procedural rule, 26(B), was part of direct or collateral review. As a panel of this Court recently explained:
>
>> . . .[In *White*, which involved the issue of whether counsel's failure to file a timely reopening application constituted "cause" for petitioner's procedural default in the state courts,] the Ohio Public Defender indisputably and grossly failed to abide [by] the ninety-day deadline for 26(B) applications and therefore rendered ineffective assistance of counsel[. However,] this conclusion alone does not establish a constitutional violation because a defendant only has a constitutional right to *effective assistance of counsel*

6

>   *when there is a constitutional right to* assistance of counsel
>   *simpliciter. As there is such a constitutional right only on
>   direct and not on collateral review, the resolution of [the]
>   case depended on this classification of 26(B) applications....*
>
>   *Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, [4-5] (6th Cir. 2003) (emphasis added).

*Id.* at 938-39.

The court went on to distinguish several published post-AEDPA Sixth Circuit decisions applying the rule in *White* in determining the question only applicable to federal habeas petitions, and thus not considered by the state courts, as to whether the petition is procedurally barred from review under the AEDPA statute of limitations and its tolling provision, 28 U.S.C. § 2244(d)(1)(A) & (d)(2). *See id.* at 939. The court pointed out:

>   By contrast, in cases such as this, in which a federal court must consider the nature of the 26(B) application to determine whether a criminal defendant has the right to counsel in filing such an application, the federal court must grant AEDPA deference to the state court's conclusion that the defendant was not entitled to appointed counsel. Accordingly, even those post-AEDPA Sixth Circuit decisions considering the nature of 26(B) applications for the purpose of determining the timeliness of habeas petitions do not engage in the analysis required here–a determination of whether a state court's decision is contrary to or an unreasonable application of federal law–and the holdings [of] those cases are properly limited to such cases.

*Id.*

Having concluded that the pre-AEDPA *White* decision extending constitutional protections to reopening proceedings in Ohio does not govern the resolution of claims raised in post-AEDPA cases, the court in *Lopez* next examined under the applicable AEDPA standard whether the petitioner had shown a violation of clearly established federal law as determined by the United States Supreme Court as of the time of the Ohio Court of Appeals' challenged decision on May 11, 2000 denying appointment of counsel in the reopening matter. *See id.* In analyzing this issue, the Sixth Circuit

7

acknowledged prior Supreme Court precedents holding that "although the Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors," . . . "if a State has created appellate courts as 'an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant,' . . . the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Id.* (quoting *Evitts,* 469 U.S. at 393 (in turn citing *McKane v. Durston,* 153 U.S. 684 (1894), and quoting *Griffin v. Illinois,* 351 U.S. 12, 18 (1956)). The court also acknowledged the Supreme Court's holding in *Douglas v. California,* 372 U.S. 353, 358 (1963), that a criminal defendant has the right to assistance of counsel on his appeal as of right afforded by the State, as well as its holding in *Evitts,* 469 U.S. at 395-98, that such counsel must provide *effective* assistance under the Sixth Amendment. *See Lopez,* 355 F.3d at 940-41.

However, by the same token, the court pointed out that the Supreme Court explicitly limited its holding in *Douglas* to the first appeal as of right, and indeed as recognized in *Evitts,* has held the right to assistance of counsel does not extend beyond the first appeal as of right to discretionary state appeals or collateral post-conviction proceedings. *See id.* (quoting *Evitts,* 469 U.S. at 394, and *Douglas,* 372 U.S. at 356; citing *Ross v. Moffitt,* 417 U.S. 600 (1974), and *Finley,* 481 U.S. at 555). Upon review of Supreme Court case-law, the court found that "[a]s *Evitts'* canvassing of the relevant precedent reflects, the Supreme Court has never held that a criminal defendant has the right to assistance of counsel to file an application to reopen a direct appeal." *Id.* at 940. Quoting *Douglas,* 372 U.S. at 356, the court further concluded that in distinction to *Douglas* and *Evitts*:

> Here, [petitioner's] request for appointed counsel to file an application to reopen his first appeal as of right is somewhere "beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court." . . . Although a panel of this Court upon de novo review has determined that such a motion falls under the rubric of a direct appeal, under the more deferential standard of review set forth in the AEDPA, it cannot be said that the Ohio Court of Appeals' decision denying the right to appointed counsel was contrary to "clearly established federal law as determined by the Supreme Court," because the result is not different from a case with materially indistinguishable facts.

*Id.* at 941.

This Court is bound by the Sixth Circuit's decision in *Lopez*. As in *Lopez,* 355 F.3d at 939, petitioner's reliance on the pre-AEDPA *White* decision is unavailing, because in this post-AEDPA case, the Court "must grant AEDPA deference" to the conclusion reached by the Ohio Court of Appeals in rejecting petitioner's "cause" argument that petitioner "had no right to counsel to assist him in filing his [reopening] application."[3] (*See* Doc. 4, Ex. 15). Moreover, for the reasons given in *Lopez,* 355 F.3d at 939-41, petitioner is unable to demonstrate under the applicable standard of review set forth in 28 U.S.C. § 2254(d) that the Ohio Court of Appeals' denial of petitioner's motion for delayed reopening of his appeal, which was filed after "the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court," *Douglas,* 372 U.S. at 356, is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court in *Douglas* and *Evitts*.

Accordingly, the Court concludes petitioner is not entitled to federal habeas relief based on his claim alleged in Ground Four that the Ohio Court of Appeals violated his constitutional rights in denying his application pursuant to Ohio R. App. P. 26(B) for delayed reopening of his appeal on timeliness grounds without addressing the merits of his underlying ineffective assistance of appellate counsel claims.

---

[3]In any event, this Court is doubtful about the "continuing viability" of *White*. *See Eads v. Morgan*, 298 F.Supp.2d 698, 707 (N.D. Ohio 2003). As the court in *Eads* pointed out, the "response of the courts of appeals in Ohio to the ruling in *White* . . . has been overwhelmingly unfavorable." *Id.* at 705; *see also Lambert,* 81 Fed.Appx. at 5 ("[i]n Ohio courts, the response to *White* was unanimously hostile" as in "every single instance that the issue was raised, the Ohio appellate courts refused to follow the holding of *White*;" moreover, although "the Ohio Supreme Court has not spoken to the *White* issue in its opinions, in its practice rules it implies that 26(B) applications are postconviction matters"). Most importantly, as also pointed out in *Eads,* 298 F.Supp.2d at 706, a Sixth Circuit panel majority recently stated in *Lambert,* 81 Fed.Appx. at 8-9, that in contradiction to *White,* "26(B) applications should be classified as collateral, rather than direct, review," particularly in light of the fact that "the Ohio courts, the authoritative interpreters of Ohio procedure, are unanimous in considering 26(B) applications to be part of collateral review and have held so repeatedly before and after *White*," and the "Ohio Supreme Court's rules of practice agree" with this interpretation. As noted earlier, *see supra* p. 2 n.2, a petition for rehearing en banc apparently is pending before the Sixth Circuit for ruling in *Lambert. See Eads,* 298 F.Supp.2d at 706.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's remaining claim alleged in Ground Four of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1, p. 6) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in Ground Four, which has been addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). However, a certificate of appealability should issue with respect to the claims alleged in Grounds One through Three, previously dismissed with prejudice by Order filed September 16, 2003 on the ground that they are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) (*see* Docs. 6, 11); under the two-part test established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), and applicable to claims barred from review on procedural grounds, "jurists of reason would find it debatable" (1) "whether this Court is correct in its procedural ruling" that Grounds One through Three are time-barred, and (2) "whether the petition states a viable claim of the denial of a constitutional right" as the issues presented in Grounds One through Three are "adequate to deserve encouragement to proceed further," *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  3/22/04                                                              s/David S. Perelman
    cbc                                                                                David S. Perelman
                                                                                     United States Magistrate Judge

J:\BRYANCC\2004 habeas orders\02-79denypet.reopn-applic.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Maurice Rogers,
    Petitioner,

           v.

Deb Timmerman-Cooper,
    Respondent.

Case No. 1:02cv79
(Dlott, J.; Perelman, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable David S. Perelman, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).