IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE ROGERS, | * | CASE NO. 1: 02-CV-79 |
| Plaintiff, | * | |
| vs. | * | JUDGE: SUSAN J. DLOTT |
| HARRY K. RUSSELL, | * | <u>MOTION FOR APPOINTMENT OF COUNSEL.</u> |
| Defendant. | * | |

Now comes Plaintiff, Maurice Rogers, pro se, and hereby moves this court to appoint counsel in light of the courts ruling that counsel would be appointed in the instant case, following the filing of a request by plaintiff for appointment of said counsel and including a petition to proceed in Forma Pauperis pursuant to 28 U.S.C. 1915 (a)(2).

Under the terms of 28 U.S.C. 1915 (d), this court has the discretion to appoint counsel and should do so, in the interest of fairness and justice, and for the reasons more fully expained in the Memorandum In Support appended hereto.

Respectfully submitted,

*Maurice Rogers*
Maurice Rogers, pro se
LoCI #345-940
P.O. BOX 69
London, OH 43140-0069

## MEMORANDUM IN SUPPORT

### STATEMENT OF THE CASE AND FACTS

On or about the 6th of June, 2004, the plaintiff received an Order issued by this court. (Note: Plaintiff has inadvertantly misplaced the order stated above, and as a result he is unclear as to the documents, exact wording).

The subject matter of said order basically stated: The court will hear three of four issues presented therein plaintiff's Habeas Corpus Petition, in the above encaptioned case. Additionally, the court offered to grant a petion for appointment of counsel, by plaintiff, and said petition must be accompanied by a motion to proceed in Forma Paueris.

### LAW AND ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

Under the provisions of 28 U.S.C. 1915 (d), this Court has the discretion to appoint counsel for an indigent habeas corpus litigant after determing ths issues may have merit; the factual complexities of the case; with consideration given to the inability of the indigient to construct a valid argument, in support of said litigants claims. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(Citation omitted), cert. denied, 112 St.Ct. 1995 (1992); Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993); and Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989), wherein the court suggested that the most important factor is whether the case appears to have merit.'

Plaintiff lacts the professional knowledge and training to present complex legal issues and argue sensitive factual disputes that will arise in the instant case. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984).

Most importantly, appointing counsel for the indigent litigant will be less of a burden on the court because an attorney can more fully explain the applicable legal principles and limit litigation to potentionally meritiorious issues. In addition, appointment of a lawyer provides the unlettered inmate litigant with an opportunity to obtain representation equally qualified with the professional counsel by the state for the defendant from the State Attorney Generals Office.

Plaintiff moves this court in its grace and wisdom, and based on the merits of this case to appoint counsel, in consideration of all the reasons above. Plaintiff so prays.

Respectfully submitted,

*Maurice Rogers*
Maurice Rogers, pro se
#345-940

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of plaintiff's foregoing Motion For Appointment of Counsel, was sent to the Ohio Attorney General at: State Office Tower, 30 E. Board St. 17th Floor, Columbus, Ohio 43215-3428, counsel for Defendant, by regular U.S. mail on this 6th day of July, 2004.

*Maurice Rogers*
Maurice Rogers, pro se
Lo.C.I. #345-940
P.O. BOX 69
London, Ohio 43140